Case 1:24-mj-00073-RMM   Docume

Case: 1:24-mj-00073
Assigned To : Judge Robin M. Meriweather
Assign. Date : 2/28/2024
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

On February 25, 2024, at approximately 7:15 p.m., Metropolitan Police Department (MPD) Crime Suppression Officers were patrolling the Sixth District Patrol Service Area of 608 in Washington, DC in full uniform and operating a marked patrol vehicle under the call sign "CST7" & "CST2" in Washington, DC.

As the officers were traveling on the 300 block of 57 St., NE, Washington D.C., they observed a male subject, subsequently identified as Lamont LANGSTON, standing next to the driver side door of an unknown gray SUV. As officers approached, LANGSTON appeared to manipulate an object in the front of his waistband and took flight. As LANGSTON fled, he reached into his waistband and discarded onto the sidewalk a black firearm; he also discarded a black bubble style coat and a key fob as he fled. After a search of a nearby wooded area, LANGSTON was ultimately apprehended and arrested by officers.

Officer White stayed with the firearm LANGSTON had discarded from the time it was discarded. The firearm was determined to be a Glock Model 22C, .40 caliber firearm, bearing serial number FDL580, with one .40 caliber round in the chamber and seventeen .40 caliber rounds in a 22-round capacity, extended magazine. The firearm also had a Machinegun Conversion Device, also known as a "Glock Switch" or "Giggle Switch" attached to the rear slide. The Machinegun Conversion Device allows the firearm to function as a fully automatic firearm, making it a machine gun instead of a semi-automatic pistol.

LANGSTON was placed under arrest for Carrying a Pistol Without a License, among other charges. From LANGSTON's person, as well as his bubble coat, officers seized $9,768 of U.S. Currency. From LANGSTON's bubble coat, officers also seized a plastic bag containing nine round white pills, labeled with the stamp of "RP 5/325", which indicates the pills are suspected Oxycodone and are a schedule 2 controlled substance under the Controlled Substances Act.

Officers then returned to the 300 block of 57th St., NE, Washington, DC, where they used the key fob dropped in LANGSTON's flight path to locate a white Lexus GS350 with Maryland tags of (50467CL). An MPD drug detection K9 conducted a sweep of the outside of the Lexus and indicated the presence of narcotics inside. A search of the vehicle revealed two empty bottles with the label partially ripped off stating "Promethazine-Codeine Solution" (a schedule V Controlled Substance), $100 from the center console, and an 8 oz bottle with approximately 1/8 of an ounce of amber colored liquid from the floorboard of the driver seat. The odor of the liquid inside of the bottle was consistent with the odor of Phencyclidine (PCP). A subsequent field test of the contents of the bottle revealed that it did in fact contain PCP. Agents also observed tobacco flakes in the mixture, which is consistent with the use of "dippers," wherein customers of narcotics traffickers buy cigarettes from the trafficker dipped in the mixture that includes PCP.

Inside the Lexus, officers also located a FEDEX envelope with LANGSTON's name and address on it, along with additional identifying documents belonging to LANGSTON.

From the trunk of the vehicle, inside a green bag, MPD recovered an AK-style, 7.62x39 caliber, Century Arms pistol, Micro Draco model, bearing serial number PMD-29874, loaded with

one 7.62x39 round in the chamber and twenty-two rounds of 7.62x39 in a 30-round capacity magazine.

Photos of the two firearms, the narcotics, as well as the mail matter are below:







A query check of LANGSTON's criminal history revealed that he pleaded guilty to a crime punishable to a term of imprisonment of a year or more in the District of Columbia for an Assault with a Dangerous Weapon offense in 2016 with the case number of (2016 CF3 009585). Therefore, at the time the defendant possessed both firearms, he had been convicted of a crime punishable by imprisonment of a term exceeding one year and had knowledge of that fact. In addition, firearms and ammunition are not manufactured in the District of Columbia; therefore, the firearms and ammunition seized traveled in interstate or foreign commerce.

Based on your affiant's training and experience, the combination of three types of controlled substances (oxycodone, PCP, and Promethazine-Codeine), the tobacco flakes in the PCP bottle, the scratched off labels on the oxycodone and Promethazine-Codeine, as well as the significant amount of cash ($9,868) and the two firearms, is consistent with possession with the intent to distribute and possession of the firearms in furtherance of drug trafficking. Specifically, with respect to the PCP, it should be noted that PCP for personal consumption typically takes the form of individual dippers or cigarettes which are smoked. The fact that a bottle of PCP in bulk quantity was recovered is evidence of possession with the intent to distribute.

Based on the foregoing, your affiant submits that probable cause exits to charge LANGSTON with violations of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) (Unlawful Possession with Intent to Distribute Phencyclidine); 18 U.S.C. § 924(c)(1)(B)(ii) (Using, Carrying, and Possessing a Machinegun in Furtherance of a Drug Trafficking Offense); and 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year).

_____
OFFICER JUSTIN SHAZIER
METROPOLITAN POLICE DEPARTMENT

SWORN AND SUBSCRIBED BEFORE ME ON THE _____ DAY OF FEBRUARY, 2024.

_____
ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE